SOUTHERN PACKAGE CORPORATION *et al. v.* BEALL.

(Division A. May 9, 1938.)

[180 So. 789. No. 33154.]

W. S. Henley, of Hazlehurst, and Watkins & Eager, of Jackson, for appellants.

742

**A. A. Cohn**, of Brookhaven, and **J. H. Garth**, of Hazlehurst, for appellee.

Argued orally by **W. S. Henley** and **W. H. Watkins, Sr.,** for appellant, and by **A. A. Cohn** and **J. Hunter Garth,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

On April 23, 1934, the appellant Southern Package Corporation executed its promissory note in the principal sum of $3,000, bearing 4 per cent. interest, duly indorsed by its president, H. J. Wilson, in favor of appellee, due and payable on July 24, 1934. Upon the execution and delivery of this note, the appellee advanced to the said Southern Package Corporation the face amount of the note. The appellants contend, in effect, that this transaction was for the purpose of establishing a line of credit with the Southern Package Corporation on behalf of the Anderson-Beall Company, a mercantile corporation at Wesson, Miss., of which the appellee was the president and in which he owned 65 per cent. of the corporate stock; that the line of credit was so established in order to enable the Anderson-Beall Company to purchase crates for use by its customers in the shipment of vegetables during the shipping season ending near the maturity date of the note; that it was contemplated at the time of the execution of the note and when the said $3,000 was advanced by the appellee to the Southern Package Corporation that the Anderson-Beall Company would need crates in its business in excess of that amount, and that the note was executed with the understanding that the same might be paid either in whole or in part by the delivery of crates by the Southern Package Corporation to the Anderson-Beall Company during the vegetable season aforesaid; and that the note might be charged against such crate account at the end of the

season to the extent necessary to pay any amount then due on such account by the Anderson-Beall Company.

It is further contended by the appellants that the Southern Package Corporation did not need to borrow money at the time of the execution of the note, but that the foregoing agreement was entered into at the instance of the appellee in order to enable him to obtain a discount on the amount of crates purchased, by means of receiving 4 per cent. interest on the money so advanced by him. On the other hand, it is contended by the appellee that the $3,000 was advanced by him at the instance of the Southern Packing Corporation as a loan of money, and that the same was not advanced as a deposit and to secure a line of credit for the Anderson-Beall Company, and, further, that there was no understanding or agreement between the parties that the note was to be charged against the crate account to be incurred by the Anderson-Beall Company.

The testimony offered by the appellants to support the alleged agreement as to how the note should be paid was objected to by the appellee on two grounds: (1) That such testimony was an effort to vary or contradict the terms of the note, and (2) that the alleged agreement for the note to be charged against the crate account would amount to a promise to answer for a debt, default, or miscarriage of another, in violation of the statute of frauds. Code 1930, section 3343.

The chancellor reserved ruling as to the admissibility of this testimony, and the facts in regard to the alleged agreement were fully developed on the hearing. No request appears to have been made by either party at the conclusion of all the evidence for a ruling on the objections, and no ruling was made thereon by the court. The finding of the chancellor was in writing and by his express direction was made a part of the record, and it is contended by the appellee that such finding amounted to a holding by the court that the alleged agreement was not in fact made. We are unable to agree, however, with

this conclusion, but constitute the finding to mean that the court deemed this issue of fact immaterial as a defense to the note and pretermitted any decision thereon for the reason that the chancellor was of the opinion that the testimony in regard thereto sought to vary or contradict the terms of the note and to establish an oral agreement to permit the note to be applied on the account of another, in violation of the statute of frauds; and from which view of the chancellor we conclude, in the absence of an express finding on the conflicting evidence, as provided for under chapter 252 of the Laws of 1934, as construed in the case of Bullard v. Citizens' National Bank, 173 Miss. 450, 160 So. 280, 162 So. 169, as to whether this agreement was made at the time of the execution of the note, that such issue of fact was not really decided. Be that as it may, the record discloses, according to the testimony on behalf of the appellants, that prior to the maturity of the note the Southern Package Corporation, through its representative, made collections at frequent intervals from the Anderson-Ball Company on the crate account, beginning on May 18th and continuing to July 3, 1934, until it had finally collected the sum of $3,909.86, and that the appellee on one or more occasions stated to such representative, when he called to make further collections, that ''you needn't be in no such hurry about it—or be uneasy about it, they owe me more than I owe you. Let's get it up to around $3,000.00,'' the amount of the note; that the account finally reached a sum in excess of $7,000, including the amount of $3,909.86 paid thereon by the Anderson-Beall Company, and that at the end of the season, on July 31, 1934, the said note of the Southern Package Corporation, then held by the appellee, together with the accrued interest thereon, amounting to $3,030 principal and interest, was charged against the said crate account on the books of the Southern Package Corporation, under an agreement with and by the express instruction of the appellee; that the appellee agreed to return the note to

the appellants, stating that it was not at the office of the mercantile firm at the time the conversation was had in reference thereto, and that he thereafter repeatedly promised to surrender the same; that as a result of such agreement, no further efforts were made by the appellants to collect the remainder of the account, which would have been due from the Anderson-Beall Company, except for the credit of the said note against the same; and that neither was there any effort made by the appellee to collect the note from the appellants until the Anderson-Beall Company went into bankruptcy in December of that year.

If these statements were made by the appellee subsequent to the execution of the note as testified to, they resulted in inducing the appellants to permit the crate account to reach an amount in excess of $7,000, and resulted in the appellants making no further efforts to collect any further payments thereon, other than the $3,909.-86 paid by the Anderson-Beall Company. In other words, the effect of this testimony was, if true, that the appellants permitted the balance of the account to amount to a little more than $3,000 in excess of the payments made by the Anderson-Beall Company, and that this action was taken at the request of the appellee who insisted that the uncollected portion of the account be allowed to reach the amount of the note. Moreover, this subsequent agreement and instruction for the note to be charged against the balance of the crate account at the close of the vegetable season, if such agreement was in fact made and instruction given, amounted to an adjustment and settlement of the indebtedness represented by the note. This alleged agreement was pleaded in substance in the answer of the appellants and was positively testified to by the bookkeeper of the Southern Package Corporation, who was also the collector for his firm, and was supported by the testimony of other witnesses.

Before this testimony was given on behalf of the appellants, counsel for the appellee sought to direct the

attention of his witnesses in a general way to the conversation had on one of the occasions mentioned, when the court suggested that the introduction of testimony was proceeding out of order, and that the complainant could have rested on the note. The result was that the testimony on behalf of the appellee was not fully developed in this point, and the decision of the entire case seems to have turned on the application of the parol evidence rule and the statute of frauds in regard to prior and contemporaneous statements made when the note was originally executed, and no finding of fact was made in regard to the alleged subsequent agreement and instruction of the appellee for the note to be charged against the crate account, after the appellants were requested to permit the account to run until it had reached the amount of the note.

While the record does not disclose that either of the parties made any request of the chancellor to make a finding of fact, we are of the opinion that since he did not actually decide the issue of fact above mentioned, and we are without authority to pass on the facts here, de novo, the decree in favor of the appellee should be reversed with instructions to the chancellor to determine the facts and to give effect to such agreement of the parties if he finds that the same was made. In view of this conclusion, we pretermit a review of the authorities and discussion of the parol evidence rule and statute of frauds as applied to the conversations had between the parties prior to and contemporaneous with the execution of the note sued on.

Reversed and remanded.