COLEMAN, et al. *v.* KIERBOW.

Dec. 7, 1953

No. 38979          45 Adv. S. 21          68 So. 2d 102

*Creekmore & Beacham,* Jackson, for appellants.

*Howie, Howie & Montgomery,* Jackson, for appellee.

McGehee, C. J.

On a former appeal of this case, Coleman, et al. v. Kierbow, 212 Miss. 541, 54 So. 2d 915, the Court affirmed the decision of the chancellor in holding that the evidence was insufficient to show that the deed of conveyance in question was obtained by fraud or undue influence; such is the law of the case for the purposes of the present appeal. The case was reversed and remanded for a new trial because of the refusal of the former chancellor, who presided at the previous trial, to permit three of the complainants to testify as to whether or not in the alternative the deed was executed by Mrs. Sallie Lillian Herren, now deceased, in favor of her daughter, the appellee Mrs. Ibye Lillian Kierbow, under such circumstances as to render the grantee a constructive trustee of the property in question for the benefit of herself and on behalf of all of the complainants, as children of the said grantor.

On the second trial there were three out of the four complainants present and were permitted to testify to statements made by the grantor, in the presence of the grantee in some instances, as to the agreement and understanding under which she made the deed of conveyance to the appellee Mrs. Kierbow, and as to the admissions made to them by said grantee in regard to such understanding and agreement between the grantor and grantee, and which was to the effect that the grantee was to take charge of and manage the property, take care of the grantor during the remainder of her short life expectancy, and that after deducting a reasonable compensation for her trouble in the premises she was to sell the property, estimated to be worth approximately $30,000, and divide the remainder of the proceeds among the four complainants and the grantee in equal shares.

The appellee, as grantee in the deed of conveyance, also testified on the second trial and categorically denied

that the deed of conveyance was executed to her by her mother under any understanding and agreement that after her mother's death the grantee was to deduct all of the expenses in connection with her mother's last illness, etc., and a reasonable charge for her services for caring for her mother and then sell the property and divide the proceeds among the five children; denied all of the conversations that her sister and two brothers had testified to having had with the appellee in regard thereto; and denied that her mother had made the statements attributed to her by the said complainants and their uncle L. L. Holt, some of which statements were alleged to have been made by the mother in the presence of her grantee daughter, who is alleged to have then acquiesced therein by her silence and also to have confirmed by her own account on other occasions as to what the understanding was between herself and the grantor.

Since the cause must be reversed for a finding of fact on the conflict in the testimony, and particularly the conflict between the testimony of the three complainants on the one hand and the appellee Mrs. Kierbow on the other as to the statements of the grantor and the admissions of the grantee as to the agreement and understanding under which the deed was executed, we deem it unnecessary that we review that testimony at this time or make any further comment on the details thereof.

The chancellor in his written opinion recognized the fact that a close and confidential relation existed between the grantor and grantee, which was shown by the testimony without dispute, and admitted by the pleadings, but he also stated: "Assuming that all of the testimony offered by these complainants was admissible, there is no evidence of any consequence before this court to sustain the allegations of the original bill of complaint tending to set up a constructive trust. For instance, there is no evidence before the court to show that Mrs. Herren had extracted any promises from the defendant

to hold the property in question in trust for all of her children, or that she placed any limitations whatsoever upon the conveyance of this property to the defendant Mrs. Kierbow; nor is there any evidence before the court to show that, at the time the deed in question was executed, the defendant made any promise or commitment whatsoever to her mother that she would hold this property in trust with the understanding that she would sell the same and divide the proceeds of the sale among her brothers and sister as alleged in the bill of complaint.'' The chancellor further found, and with deference we think erroneously, that the only evidence before the court tending to establish the constructive trust was the testimony of the complainants to the effect that the *defendant* told them on numerous occasions *many months* after the deed in question was executed that she did not intend to try to keep the property for herself but that it was her intention to sell it after the death of her mother, and after the expenses were deducted, and divide the proceeds equally among the children. As a matter of fact, one of the complainants testified that the grantee told him of the trust agreement upon his arrival from Texas on April 19th following the execution of the deed on March 27. According to the testimony of the complainants the grantor also told them of the agreement, sometimes in the presence of the grantee, and as soon as she had a convenient opportunity to do so.

It appears that at the time the chancellor rendered his written opinion on December 17, 1952, nearly 30 days after the trial, the testimony of the additional witnesses on the second trial had not been transcribed and the chancellor in making his finding had to depend upon his memory as to the details of the testimony previously heard by him, and we find from a careful examination of all of the testimony that there was ample evidence offered by the complainants, if believed by the chancellor to be true, to establish that the appellee received the

title to the property in question under a constructive trust, and that she now so holds the same for the benefit of herself and her three brothers and sister, subject to her right to charge the property with the expenses incurred in carrying out the alleged agreement with the grantor, including a reasonable deduction for her trouble in looking after her mother between the time that the deed was executed and the death of the grantor.

As we understand the chancellor's opinion, which was made a part of the decree by a recital contained therein, Hubbard v. Massey, et al., on Suggestion of Error, 192 Miss. 95, 111, 4 So. 2d 230, he did not think that the testimony of the complainants was sufficient to establish a constructive trust, if assumed to be "admissible;" that he so held as a matter of law and did not pass upon the conflict in the testimony of the complainants and their uncle on the one side and of Mrs. Kierbow on the other, on the issue of fact to be determined.

The testimony of the witnesses who were present at the time of the execution of the deed is not controlling, because it relates only to what occurred at that time, and to the question of mental capacity and whether or not the deed was freely and voluntarily executed. Those witnesses knew nothing of whether or not there had been a previous understanding or agreement which led up to the execution of the deed, as later claimed by the grantor and admitted by the grantee according to the testimony of the complainants and denied by the defendant.

We must therefore reverse and remand the case for a decision of the trial court on the issue of whether the testimony of the complainants preponderates over that of the defendant on the issue of fact hereinbefore stated. Bullard v. Citizens National Bank, 173 Miss. 450. 160 So. 280; General Tire & Rubber Co. v. Cooper, 176 Miss. 491,

165 So. 420; and Southern Package Corp. v. Beall, 181 Miss. 740, 180 So. 789.

Reversed and remanded.

*Kyle, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.